UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY BELL WHITE, | ) | 5:11CV1538 |
| | ) | |
| Petitioner | ) | JUDGE JACK ZOUHARY |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| KIMBERLY CLIPPER, | ) | |
| Warden, | ) | |
| | ) | |
| Respondent | ) | REPORT AND RECOMMENDED |
| | ) | <u>DECISION OF MAGISTRATE JUDGE</u> |

McHARGH, MAG. J.

The petitioner Bobby Bell White ("White") filed a petition for a writ of habeas

corpus arising out of his 2008 conviction for aggravated burglary, with a firearm

specification, in the Stark County (Ohio) Court of Common Pleas.  (Doc. 1.)  In his

petition, White raises two grounds for relief, putting forth facts in support,

verbatim:

> 1.  The trial court's finding of guilt is against the manifest weight and
> sufficiency of the evidence and in violation of the constitutional rights
> of Due Process and Equal Protection of the Law.
>
> 2.  Appellant was deprived of Due Process by the misconduct of the
> prosecutor.

(Doc. 1, § 12.)

The respondent has filed an Answer/Return of Writ, arguing that the petition

should be denied as untimely.  (Doc. 4, at 6, 12, 27.)  The respondent also argues

that the petition should be denied on the merits.  White filed a Traverse, but does not address the timeliness issue.  See generally doc. 5.

## I.  PROCEDURAL BACKGROUND

After a jury trial, White was found guilty of charges of aggravated burglary, with a firearm specification, and sentenced to ten years imprisonment (on Oct. 27, 2008) in a nunc pro tunc judgment entry dated Feb. 4, 2009.  (Doc. 4, RX 4-5.)

After the judgment entry was properly docketed, White filed a timely notice of appeal.  (Doc. 4, RX 10.)  White set forth two assignments of error:

> 1.  The trial court's finding of guilt is against the manifest weight and sufficiency of the evidence.
>
> 2.  The appellant was deprived of due process by the misconduct of the prosecutor.

(Doc. 4, RX 12.)

On August 17, 2009, the court of appeals affirmed the judgment of the trial court.  (Doc. 4, RX 14; State v. White, No. 2009CA00053, 2009 WL 2509392 (Ohio Ct. App. Aug. 17, 2009).)  White did not seek timely review by the Ohio Supreme Court.

On Apr. 27, 2010, White filed a notice of appeal, and a notice of delayed appeal, with the Supreme Court of Ohio.  (Doc. 4, RX 16.)  On June 9, 2010, the Supreme Court denied his motion for delayed appeal, and dismissed the case.  (Doc. 4, RX 17; State v. White, 125 Ohio St.3d 1446, 927 N.E.2d 1127 (2010).)

White filed this petition for a writ of habeas corpus on June 30, 2011.  (Doc. 1, at [4].)


## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002).  See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set

3

forth in [Supreme Court] cases." Williams, 529 U.S. at 405.  See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

White has filed his petition pro se.  The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed.  Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)).  Other than that, no special treatment is afforded litigants who decide to proceed pro se.  McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

## III.  STATUTE OF LIMITATIONS

The respondent argues that the petition should be dismissed because it was filed after the statute of limitations had expired.  (Doc. 4, at 6, 12, 27.)

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a state prisoner seeking a federal writ of habeas corpus to file his petition within one year after his state conviction has become "final."  Carey v. Saffold, 536 U.S. 214, 216 (2002) (citing 28 U.S.C. § 2244(d)(1)(A)).  The conviction becomes final "by

4

the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Thus, the one-year statute of limitations does not begin to run until all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari before the United States Supreme Court, or the expiration of the time allowed (90 days) for filing for certiorari.  Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002); Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001), cert. denied, 534 U.S. 924 (2001) (citing cases).  However, a habeas petitioner filing for collateral relief does not benefit from the 90 day certiorari period.  Lawrence v. Florida, 549 U.S. 327 (2007) (interpreting 28 U.S.C. § 2244(d)(2)).

## A.  Direct appeal

The state court of appeals affirmed White's conviction on Aug. 17, 2009. (Doc. 4, RX 14;  White, 2009 WL 2509392.)  White did not seek timely review by the Ohio Supreme Court within 45 days, pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(1).  Thus, White's conviction became "final" within the ordinary meaning of AEDPA on Oct. 2, 2009.  Searcy v. Carter, 246 F.3d 515, 517 (6th Cir.), cert. denied, 534 U.S. 905 (2001).  Accordingly, the statute of limitations for filing his habeas petition would have expired on Oct. 2, 2010.

## B.  Delayed appeal to state high court

White filed a motion for leave to file a delayed appeal to the Supreme Court of Ohio on Apr. 27, 2010.  (Doc. 4, RX 16.)  The filing of the motion for a delayed

5

appeal is considered collateral review, which, if properly filed, tolls the running of a pending, unexpired one-year limitations period, although it will not "revive" the statute, or cause it to begin running anew.  DiCenzi v. Rose, 452 F.3d 465, 468 (6th Cir. 2006); Searcy, 246 F.3d at 519; Sanders v. Bobby, No. 5:07 CV 682, 2008 WL 276415, at *3 (N.D. Ohio Jan. 31, 2008).  See generally Lawrence, 549 U.S. at 332.

The state high court denied leave to file a delayed appeal on June 9, 2010. (Doc. 4, RX 17;  White, 125 Ohio St.3d 1446, 927 N.E.2d 1127.)  Thus, the statute would have been tolled for forty-three days (during the pendency of his motion for leave).  The statute of limitations as tolled then expired on Nov. 14, 2010.  White's petition was not filed until June 30, 2011.  (Doc. 1, at [4].)

Therefore his petition was untimely filed, after the one-year statute of limitations, as tolled, had expired.  Although White filed a Traverse, he does not address the timeliness issue.  See generally doc. 5.

The petition should be dismissed as untimely filed.


<u>RECOMMENDATION</u>

It is recommended that the petition for a writ of habeas corpus be dismissed.


Dated:  __June 7, 2012__          __/s/ Kenneth S. McHargh__
                                        Kenneth S. McHargh
                                        United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file

objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).